B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Granvista, Inc. | **DEFENDANTS**<br>Rafael Oceguera |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Law Offices of Michael J. Hemming  Ca State Bar# 74538<br>333 W. Mission Blvd., Pomona, Ca 91766<br>(909)469-6087 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Rafael Augustin Oceguera breached his fiduciary duty and committed wage theft and other thefts against Plaintiff.

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand  $ 250,000.00 |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||
|---|---|
| NAME OF DEBTOR<br>Rafael Oceguera | BANKRUPTCY CASE NO.<br>2:24-bk-13195-VZ |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District | DIVISION OFFICE<br>Los Angeles    NAME OF JUDGE<br>Vincent P. Zurzolo |

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

| DATE<br>6/24/2024 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Michael J. Hemming |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Michael J. Hemming, Esq. (SBN 74538)
LAW OFFICE OF MICHAEL J. HEMMING
333 W. Mission Blvd.
Pomona, CA 91765
Ph. (909) 469-6087
michaeljhemming@gmail.com

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Granvista, Inc.,<br><br>        Plaintiff,<br><br>vs.<br><br>Rafael Oceguera,<br><br>        Defendant. | Case No.: 2:24-bk-13195-VZ<br>Adv. No: COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(4) AND 11 U.S.C. §523(a)(6). |

COMES NOW GRANVISTA, Inc. to bring its complaint against Rafael Oceguera. Plaintiff alleges as follows:

1. Plaintiff Granvista, Inc. (hereinafter "Granvista") is a corporation incorporated on the laws of the State of California, and in good standing.

2. Defendant Rafael Oceguera (hereinafter "Defendant Oceguera") is an individual residing in the city of Azusa, Los Angeles County, California.

3. From February 13 2018 to November 30, 2021, Defendant Oceguera worked for Granvista in a managerial position. He was the Director of Operations for Granvista. His salary was $105,000 per year. Defendant Oceguera was fiduciary to Granvista and followed a duty of honesty and integrity to Granvista.

//

## FIRST CAUSE OF ACTION

### Violation of 11 U.S.C. 523 (a) (4)

4. Defendant Oceguera was terminated on November 30, 2021 for dishonest and unethical conduct due to numerous breaches of fiduciary duty to Granvista. In accordance with the terms of his written employment agreement that was set forth in the company handbook and also an oral agreement entered into between Granvista and Defendant Oceguera, Oceguera was required to work eight hours per day and five days per week, or forty hours per week. He was also required to follow various company policies and procedures as set forth in the Company Handbook. He was employed as the Director of Operations, which is a senior managerial position within the company.

5. Defendant Oceguera breached his fiduciary duty as follows:

    a. Defendant Oceguera, instead of working on company business, tended to his own personal affairs, including investments and buying and selling bit coin while working for Granvista. Defendant Oceguera committed a form of conversion commonly referred to as wage theft, by his conduct.

    b. Defendant Oceguera used a company laptop computer and cell phone for his own personal use, in violation of the company's policies and procedures. This was dishonest and unethical behavior by Defendant discovered by Granvista.

    c. Upon his termination of employment, Defendant Oceguera refused to deliver or return to Granvista, the subject computer and cell phone owned by which was to be used for company business. Thus, defendant Oceguera breached his fiduciary duty by his conduct and violated 11 USC 523 (a)(4).

    d. Defendant Oceguera, without authorization, took confidential and trade secret information of Granvista with him at the time of his termination from employment.

6. Defendant Oceguera stole and retained the computer and cell phone owned by Granvista. When the computer was returned through the efforts of the police department, the computer's hard drive had been erased with no data on it when it was returned. The data on the computer was confidential information about the company which, Granvista is informed and believes that

Defendant Oceguera transferred the data onto either another computer or computer drive for future use and monetary benefit to Defendant Oceguera and which would be irreparable damage to Granvista if the information was transmitted or communicated to its competitors.

7. Defendant Oceguera was in a fiduciary relationship with Granvista and Granvista trusted and relied upon Oceguera's integrity and honesty while working for Granvista. Defendant Oceguera breached his fiduciary duty to Granvista by converting Granvista's computer and stripping all data from the computer. The trust res in this case was the computer and its hard drive. Such conduct was willful and malicious behavior in retaliation for Granvista terminating Defendant Oceguera. Further, Defendant Oceguera's acts of conversion by wage theft should also be considered a nondischargeable debt. Defendant was in a fiduciary capacity and trusted by his employer to not commit such conduct, and notwithstanding, he did so, for approximately a two-year period, from the date of his employment in 2019, to the date of his termination in 2021.

8. Granvista has suffered damages and harms as a result of Defendants Oceguera's conduct. Such damages and harms will be proven at time of trial.

9. Defendant Oceguera violated 11 U.S.C. §523(a)(4) by his actions and conduct.

10. Granvista is requesting that the debt owed to Granvista by Defendant Oceguera be made nondischargeable with respect to his Chapter 7 Bankruptcy filing.

<u>SECOND CAUSE OF ACTION</u>
<u>Violation of 11 U.S.C. 523 (a) (6)</u>

11. Granvista incorporates by reference paragraphs 1 through 7 herein and further alleges as follows:

12. Defendant violated 11 USC §523 (a)(6) by his willful and malicious conduct by committing acts of conversion by stealing Granvista's computer and erasing the computer's hard drive to cover up his willful and malicious conduct.

13. Granvista is informed and believes that Defendant Oceguera performed such willful and malicious conduct in retaliation for his termination of employment, and also for material gain.

14. Granvista has suffered damages and harms as a result of Defendant Oceguera's conduct. Such damages will be proven at time of trial.

15. Granvista is requesting that the debt owed to Granvista by Defendant Oseguera be made nondischargeable with respect to his Chapter 7 bankruptcy filing.

Wherefore, Granvista prays for a judgment as follows:

1. For damages proven at time of trial;

2. For costs incurred herein;

3. An order finding that the subject debts owed to Granvista are of a nondischargeable in accordance with 11 U.S.C. §523(a)(4) and 11 U.S.C. §523(a)(6).

6/24/2024                                  Respectfully submitted,

                                           Michael J. Hemming
                                           Attorney for Granvista