Michael J. Hemming, Esq. (SBN 74538)
LAW OFFICE OF MICHAEL J. HEMMING
333 W. Mission Blvd.
Pomona, CA 91765
Ph. (909) 469-6087
michaeljhemming@gmail.com

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| Granvista, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Rafael Oceguera, <br><br> Defendant. | Case No.: 2:24-bk-13195-VZ <br><br> CHAPTER 7 CASE <br><br> Adv. No: 2:24-ap-01168-VZ <br><br> FIRST AMENDED **COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(4) AND 11 U.S.C. §523(a)(6).** |

COMES NOW GRANVISTA, Inc. to bring its complaint against Rafael Oceguera. Plaintiff alleges as follows:

1. Plaintiff Granvista, Inc. (hereinafter "Granvista") is a corporation incorporated on the laws of the State of California, and in good standing.

2. Defendant Rafael Oceguera (hereinafter "Defendant Oceguera") is an individual residing in the city of Azusa, Los Angeles County, California.

3. From February 13, 2018 to November 30, 2021, Defendant Oceguera worked for Granvista in a managerial position. He was the Director of Operations for Granvista. His salary was $105,000 per year. Defendant Oceguera was fiduciary to Granvista and followed a duty of honesty and integrity to Granvista.

//

## FIRST CAUSE OF ACTION

### Violation of 11 U.S.C. 523 (a) (4)

4. Defendant Oceguera was terminated on November 30, 2021 for dishonest and unethical conduct due to numerous breaches of fiduciary duty to Granvista. In accordance with the terms of his written employment agreement that was set forth in the company handbook and also an oral agreement entered into between Granvista and Defendant Oceguera, Oceguera was required to work eight hours per day and five days per week, or forty hours per week. He was also required to follow various company policies and procedures as set forth in the Company Handbook. He was employed as the Director of Operations, which is a senior managerial position within the company.

5. Defendant Oceguera breached his fiduciary duty as follows:

   a. Defendant Oceguera, instead of working on company business, tended to his own personal affairs, including investments and buying and selling bit coin while working for Granvista. Defendant Oceguera committed a form of conversion commonly referred to as wage theft, by his conduct.

   b. Defendant Oceguera used a company laptop computer and cell phone for his own personal use, in violation of the company's policies and procedures. This was dishonest and unethical behavior by Defendant discovered by Granvista.

   c. Upon his termination of employment, Defendant Oceguera refused to deliver or return to Granvista, the subject computer and cell phone owned by which was to be used for company business. Thus, defendant Oceguera breached his fiduciary duty by his conduct and violated 11 USC 523 (a)(4).

   d. Defendant Oceguera, without authorization, took confidential and trade secret information of Granvista with him at the time of his termination from employment.

6. Defendant Oceguera stole and retained the computer and cell phone owned by Granvista. When the computer was returned through the efforts of the police department, the computer's hard drive had been erased with no data on it when it was returned. The data on the computer was confidential information about the company which, Granvista is informed and believes that

Defendant Oceguera transferred the data onto either another computer or computer drive for future use and monetary benefit to Defendant Oceguera and which would be irreparable damage to Granvista if the information was transmitted or communicated to its competitors.

7. Defendant Oceguera was in a fiduciary relationship with Granvista and Granvista trusted and relied upon Oceguera's integrity and honesty while working for Granvista. Defendant Oceguera breached his fiduciary duty to Granvista by converting Granvista's computer and stripping all data from the computer. The trust res in this case was the computer and its hard drive. Such conduct was willful and malicious behavior in retaliation for Granvista terminating Defendant Oceguera. Further, Defendant Oceguera's acts of conversion by wage theft should also be considered a nondischargeable debt. Defendant was in a fiduciary capacity and trusted by his employer to not commit such conduct, and notwithstanding, he did so, for approximately a two-year period, from the date of his employment in 2019, to the date of his termination in 2021.

8. Granvista has suffered damages and harms as a result of Defendants Oceguera's conduct. Such damages and harms will be proven at time of trial.

9. Defendant Oceguera violated 11 U.S.C. §523(a)(4) by his actions and conduct.

10. Granvista is requesting that the debt owed to Granvista by Defendant Oceguera be made nondischargeable with respect to his Chapter 7 Bankruptcy filing.

<u>SECOND CAUSE OF ACTION</u>
<u>Violation of 11 U.S.C. 523 (a) (6)</u>

11. Granvista incorporates by reference paragraphs 1 through 7 herein and further alleges as follows:

12. Defendant violated 11 USC §523 (a)(6) by his willful and malicious conduct by committing acts of conversion by stealing Granvista's computer and erasing the computer's hard drive to cover up his willful and malicious conduct.

13. Granvista is informed and believes that Defendant Oceguera performed such willful and malicious conduct in retaliation for his termination of employment, and also for material gain.

14. Granvista has suffered damages and harms as a result of Defendant Oceguera's conduct. Such damages will be proven at time of trial.

15. Granvista is requesting that the debt owed to Granvista by Defendant Oseguera be made nondischargeable with respect to his Chapter 7 bankruptcy filing.

Wherefore, Granvista prays for a judgment as follows:

1. For damages proven at time of trial;

2 For costs incurred herein;

3. An order finding that the subject debts owed to Granvista are of a nondischargeable in accordance with 11 U.S.C. §523(a)(4) and 11 U.S.C. §523(a)(6).

7/09/2024

Respectfully submitted,

Michael J. Hemming
Attorney for Granvista

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
333 W. MISSION BLVD.
POMONA, CA 91766

A true and correct copy of the foregoing document entitled (*specify*): FIRST AMENDEDCOMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(4) AND l 1 U.S.C. §523(a)(6).
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 07/09/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

  Wesley H Avery (TR), Chapter 7 trustee wes@averytrustee.com
  United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 07/09/2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

  Hon., Vincent P. Zurzolo
  255 E. Temple Street, Suite 1360 / Courtroom 1368
  Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/09/2024 | Ryan Hemming | /s/ Ryan Hemming |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                F 9013-3.1.PROOF.SERVICE